AO 472  (Rev. 05/05)  Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT
## Eastern District of Michigan

UNITED STATES OF AMERICA

v.

Michael Clark
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case Number: 05-80810-01

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I—Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a    ☐ federal offense    ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is

  ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  ☐ an offense for which the maximum sentence is life imprisonment or death.
  ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*

  ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

☐ (3) A period of not more than five years has elapsed since the   ☐ date of conviction   ☐ release of the defendant from imprisonment for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

☐ (1) There is probable cause to believe that the defendant has committed an offense
  ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____.
  ☐ under 18 U.S.C. § 924(c).

☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

☑ (1) There is a serious risk that the defendant will not appear.
☑ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

### Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by   ☑ clear and convincing evidence   ☐ a preponderance of the evidence that

in this presumption case there is no condition or combination of conditions that would reasonably assure the safety of the community or defendant's appearance in court. Defendant, his common law wife and his mother have made inconsistent statements regarding his place of residence. Defendant is charged with possession and distribution of marijuana (1.8 million street value) and cocaine. Defendant owns $2 million in assets (4 cash businesses, 3 homes (one in Phoenix, Arizona), 15 cars, including a $100,000 Mercedes). Defendant is a convicted felon whose violent behaviors have gone unrestrained. He has allegedly threatened the life of a witness in this case. (CONTINUE ON PAGE TWO)

### Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

| October 17, 2005 | s/ Mona K. Majzoub |
|---|---|
| *Date* | *Signature of Judge* |
| | MONA K. MAJZOUB UNITED STATES MAGISTRATE JUDGE |
| | *Name and Title of Judge* |

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).


05-80810-01  - USA V MICHAEL CLARK

On 5/5/05 defendant was arrested on Prairie Street in Detroit holding a 223 Bushmaster rifle with 19 live rounds and a stovepipe.  A search warrant on one of defendant's homes was executed and resulted in the seizure of 7 guns, one semi-automatic assault rifle, one Hotpoint 9  mm rifle, four pistols and one Oozy with silencer.  Defendant has a history of failing to appear in court when ordered.   On 6/29/04 and 1/21/04 respectively, two bench warrants issued for defendant's failure to appear in two district courts on unrelated charges. Notwithstanding his knowledge of the instant indictment, defendant refused to turn himself in and had to be apprehended by the U.S. Marshal.  Defendant recently obtained a passport, and his both the means and the ability to flee.  Here he faces two counts that carry maximum life sentences, and has a felony weapons case pending in Wayne County Circuit Court.  Defendant poses a danger to the community and is a flight risk.