**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

                                         CASE NO. 05-80810

      Plaintiff,                       HON. LAWRENCE P. ZATKOFF

v.

MICHAEL CLARK,

      Defendant.

_____/

## OPINION AND ORDER

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on July 12, 2006

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

## I. INTRODUCTION

Defendant Michael Clark is the lead defendant in a 15-defendant and 45-count drug conspiracy. Currently before the Court is Defendant Michael Clark's Motion to Suppress Evidence Seized from 7559 Prairie Street (#149) and Motion to Suppress Evidence Seized from 8843 Livernois (#169). The Court denied Defendant's Request for an Evidentiary Hearing on this Motion. *See* Docket #181. The Court conducted oral arguments on the motions on July 10, 2006 and took the motions under advisement. For the following reasons, Defendant's Motions to Suppress are DENIED.

## II. DISCUSSION

**A. Motion to Suppress Evidence Seized from 7559 Prairie St.**

**1. Facts**

On February 12, 2005, police executed a search warrant on Defendant Michael Clark's residence at 7559 Prairie Street, Detroit, Michigan.  A magistrate determined that probable cause existed for the search warrant based on information the Government had obtained from its investigation of Clark, which began in December of 2004.  As part of this investigation, the Government conducted physical surveillance and obtained wiretaps of Clark's phone calls, which led it to believe that Clark was the head of a large narcotics operation.  As the result of a February 12 search of Clark's residence, agents seized the following weapons: 45 cal. Taurus, 9mm. Beretta, 31 cal Derringer style, M-11 Cobray pistol w/silence, 5 boxes of assorted ammo, Mak 90 sporter 7.62 mm. rifle, Sigsaver .45 cal pistol, high point 9mm. rifle.  No drugs or money was found.

**2. Defendant's and Plaintiff's Arguments**

Defendant asserts that probable cause did not exist for the warrant because the Government merely offered a "bare bones" affidavit to the magistrate judge, and because most of the evidence in the affidavit was based on the wiretap surveillance, which evidence the Defendant asserts should be suppressed.  *See* Defendant's Motion to Suppress Contents of the Intercepted Communications (#157 and #159).  Defendant also asserts that the search warrant issued constituted a "general warrant," and that such warrants that lack particularity as to the items to be seized are in violation of the 4th Amendment.  Lastly, Defendant argues that the "good faith" rule of *United States v. Leon*, 468 U.S. 897 (1984) should not apply because the officer in charge of the search should have known that, notwithstanding the warrant, the search was illegal.

The Government responds that Defendant is entitled to no relief and that the search warrants

2

are valid, and that regardless, the "good faith" exception applies and the evidence should not be excluded because it was obtained pursuant to a validly authorized search warrant. As support, the Government explains that the warrant clearly identifies the items to be seized as being "[a]ll suspected controlled substances, paraphernalia, scales, items used for trafficking, tally sheets, monies, . . . any and all items used in the sale, manufacture, delivery, storage and or usage of controlled substances . . . and firearms." The affidavit in support of the search warrant also contained numerous facts to support probable clause, including information based on the wiretaps authorized by Judge Cleland, and information based on physical surveillance. The affidavit also contained the analysis and conclusions of the applying officer based on his extensive knowledge and experience in drug investigations.

### 3. Analysis

Defendant's Motion to Suppress Evidence seized from 7559 Prairie Street should be denied for the following reasons. First, in a separate Opinion and Order issued today, the Court denied Defendant's Motions to Suppress the Evidence Obtained from the Wiretaps. Based on that Opinion, it was proper for the Government to utilize the evidence obtained from the wiretaps in obtaining a search warrant for 7559 Prairie Street. Accordingly, based on the evidence obtained from the wiretaps and the other evidence presented to the magistrate, the Court finds that there was sufficient evidence for the magistrate to determine that probable cause existed for the search warrant of 7559 Prairie Street.

Second, Defendant's argument that the search warrant constituted a "general warrant" is not supported by the facts. The search warrant permitted the seizure of specific items, including "all suspected controlled substances, paraphernalia, scales . . . ." The search warrant also authorized the

3

seizure of firearms and mobile telephones which were believed to be used by Defendant in the traffic of drugs. The Court finds that the search warrant contained the necessary specificity so as not to constitute a "general warrant."

Lastly, the Government is correct in arguing that, even if a constitutional violation occurred, *United States v. Leon*'s "good faith" rule applies so that the evidence seized should not be suppressed because it was seized pursuant to a search warrant. *See United States v. Leon*, 468 U.S. 897, 923 (1984) ("[A] warrant issued by a magistrate normally suffices to establish that a law enforcement officer has acted in good faith in conducting the search."). In this case, the government agents obtained a judicially authorized wiretap. Based on evidence obtained from the wiretap, agents obtained a search warrant authorized by a magistrate. The agents executed this search warrant and found, in part, what they were looking for and seized numerous firearms. Defendant's arguments that this evidence should now be suppressed, despite a valid wiretap and search warrant, strain credulity. The Court finds that it was not objectively unreasonable for the agents to rely on the search warrant in seizing evidence from 7559 Prairie Street. Accordingly, Defendant's Motion to Suppress Evidence Seized from 7559 Prairies Street should be denied.

**B. Motion to Suppress Evidence Seized from 8843 Livernois**

On October 5, 2005, the DEA obtained a search warrant for one of Michael Clark's businesses, "Mike's Detailing Salon #3" at 8843 Livernois, Detroit, Michigan. The warrant authorized the search and seizure of various drug evidence, as well as certain vehicles that were suspected to be found at the address. Based on wiretaps of Clark's conversations, the agents believed that Clark was storing valuable automobiles at this location, and that he was using these automobiles to pay for large drug shipments. As a result of the search, agents seized eight

4

automobiles, one motorcycle, various documents, one 12 gauge shotgun, a gun case with .40 caliber rounds, 1 magazine with rounds, and miscellaneous ammunition and cash receipts.

Both the Defendant and the Government make similar arguments with respect to this Motion as they made with respect to the Motion to Suppress from 7559 Prairie Street.  After a review of all the relevant facts and for similar reasons to those given in Section A., the Court finds that probable cause existed to support the issuance of the search warrant for 8843 Livernois, that the search warrant did not constitute a "general warrant," and that regardless of any defect in the warrant, the "good faith" rule of *United States v. Leon* applies.  For these reasons, Defendant's Motion to Suppress Evidence Seized from 8843 Livernois should be denied.


## IV.  CONCLUSION

For the above reasons, the Court HEREBY DENIES Defendant's Motion to Suppress Evidence Seized from 7559 Prairie Street (#149) and Motion to Suppress Evidence Seized from 8843 Livernois (#169).

IT IS SO ORDERED.


s/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated:  July 12, 2006

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on July 12, 2006.

s/Marie E. Verlinde
Case Manager
(810) 984-3290