**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

           Plaintiff,

CASE NO. 05-CR-80810
HON. LAWRENCE P. ZATKOFF

v.

D-1 MICHAEL ANTHONY CLARK,

           Defendant.

_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on July 12, 2006

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

This matter is before the Court on Defendant Clark's June 5, 2006, Motion to Dismiss for Violation of the Speedy Trial Act [Docket #162]. The Government has responded, and Defendant Clark has replied to the response. The Court heard oral arguments on July 10, 2006. For the reasons set forth below, Defendant Clark's Motion is DENIED.

**II. BACKGROUND**

Defendant Clark is one of fifteen defendants charged in a forty-four count indictment alleging various drug-related offenses. Defendant Clark was arraigned and detained on October 16, 2005. On November 4, 2005, the Court entered an order excluding the days from October 31, 2005, to December 5, 2005 for Speedy Trial Act (18 U.S.C. § 3161 et seq.) purposes. On December 5, 2005, the Court held a scheduling conference for all parties.

At the conference, all parties, including Defendant Clark, through counsel, requested a scheduling order that reflected the complex nature of the case. The parties also agreed that the period of delay was excludable for purposes of the Speedy Trial Act. The scheduling order established a discovery cut-off date of January 31, 2006, a pretrial motions deadline of May 15, 2006, and a plea cut-off date of July 17, 2006. On June 2, 2006, the Court approved substitution of counsel for Defendant Clark, and entered an order excluding the period from May 2, 2006, until June 2, 2006, for purposes of the Speedy Trial Act. On June 5, 2006, Defendant Clark filed the instant Motion to Dismiss for Violation of the Speedy Trial Act.

### III.  LEGAL STANDARD

18 U.S.C. § 3161(c)(1) provides that:

> In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs. If a defendant consents in writing to be tried before a magistrate [United States magistrate judge] on a complaint, the trial shall commence within seventy days from the date of such consent.

18 U.S.C. § 3161(h) provides that:

> The following periods of delay shall be excluded in computing the time within which an information or an indictment must be filed, or in computing the time within which the trial of any such offense must commence:
>
> ＊ ＊ ＊
>
> (7) A reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted.

### IV.  ANALYSIS

Defendant argues that he has been detained for more than seventy days since his indictment,

and that his case should be dismissed pursuant to *Zedner v. United States*, 126 S. Ct. 1976 (2006). However, the facts in *Zedner* are clearly distinguishable from those in the instant case. In *Zedner*, the Supreme Court held that a prospective waiver of a defendant's Speedy Trial Act rights "for all time" was invalid. *Id.* at 1987. However, the Government in the instant case does not rely on any such waiver by Defendant Clark.

The Government notes that pursuant to 18 U.S.C. § 3161(h)(7), where "multiple defendants are charged together and no severance has been granted, one speedy trial clock governs." *United States v. Cope*, 312 F.3d 757, 776 (6th Cir. 2002). One of Defendant Clark's co-defendants, Treyvan Agee, was arraigned on May 25, 2006, and two other co-defendants are still fugitives. Thus, the Government argues that Defendant Clark's speedy trial clock has not yet been triggered, or was triggered, at the earliest, on May 25, 2006.

The Court agrees that Defendant Clark's speedy trial clock has not yet been triggered. Defendant Clark argues that the Government should not be able to void the Speedy Trial Act by indicting unavailable persons. The Court finds this argument unpersuasive. The Act contains a mechanism for preventing Governmental abuse, by excluding a "*reasonable* period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." 18 U.S.C. § 3161(h)(7) (emphasis added). It would be unreasonable for the Government to postpone a defendant's trial indefinitely by intentionally indicting an unavailable person. However, there is no indication that the Government has done so in this case. Furthermore, the length of the delay is not unreasonable. The Court notes that at the December 5, 2005, scheduling conference, Defendant Clark, through his attorney, requested a Plea cut-off date of July 17, 2006, due to the complex issues involved in the case. Furthermore, all the

parties agreed that the time up to that date would be excludable delay. Thus, the Court finds that the period of excludable delay from December 5, 2005, to the present is not unreasonable, and 18 U.S.C. § 3161(h)(7) applies.

## V. CONCLUSION

For the above reasons, Defendant Clark's Motion to Dismiss for Violation of the Speedy Trial Act is HEREBY DENIED.

IT IS SO ORDERED.

    s/Lawrence P. Zatkoff
    LAWRENCE P. ZATKOFF
    UNITED STATES DISTRICT JUDGE

Dated: July 12, 2006

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on July 12, 2006.

    s/Marie E. Verlinde
    Case Manager
    (810) 984-3290