**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

                                                 CASE NO. 05-CR-80810

       Plaintiff,                        HON. LAWRENCE P. ZATKOFF

v.

D-1 MICHAEL ANTHONY CLARK,

       Defendant.

_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on July 13, 2006

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

## I.  INTRODUCTION

This matter is before the Court on Defendant Clark's June 5, 2006, Motion Regarding Voir

Dire Procedures [Docket #153].  The Government has responded, and at a hearing on July 10, 2006,

the parties submitted the matter on the briefs.  For the reasons set forth below, Defendant Clark's

Motion is DENIED.

## II.  BACKGROUND

Defendant Clark is one of fifteen defendants charged in a forty-four count indictment

alleging various drug-related offenses.  Defendant Clark was arraigned and detained on October 16,

2005.  On December 5, 2005, the Court held a scheduling conference for all parties.  The scheduling

order established a discovery cut-off date of January 31, 2006, a pretrial motions deadline of May

15, 2006, and a plea cut-off date of July 17, 2006.  On June 2, 2006, Defendant Clark filed the

instant Motion  Regarding Voir Dire Procedures.

### III.  LEGAL STANDARD

"The purpose of the voir dire procedure is to enable the parties to obtain an impartial jury." *United States v. Schmucker*, 815 F.2d 413, 421 (6th Cir. 1987) (quoting *United States v. Whitt*, 718 F.2d 1494, 1496 (10th Cir. 1983)).  The Supreme Court has held that  "[b]ecause the obligation to impanel an impartial jury lies in the first instance with the trial judge, and because he must rely largely on his immediate perceptions, federal judges have been accorded ample discretion in determining how best to conduct the voir dire." *Rosales-Lopez v. United States*, 451 U.S. 182, 189 (1981).

### IV.  ANALYSIS

In his motion, Defendant Clark requests access to the questionnaires maintained by the jury clerk, and requests the use of a supplemental jury questionnaire.  Defendant Clark also requests that counsel be allowed to individually voir dire potential jurors.

The Government does not object to Defendant Clark's pretrial review of the jury questionnaires,  but does raise concerns regarding the alleged violent nature of the Defendant, and the possibility of juror intimidation.  The Court finds that Defendant Clark's concerns regarding the "intense national debate" regarding the "war on drugs," and pre-trial publicity, do not warrant the provision of the jury questionnaire.  Defendant has not identified any specific information in the questionnaires that would alleviate his concerns regarding juror bias, and has not established that possession of the questionnaires is essential to the selection of a fair and impartial jury.  Thus, Defendant Clark's request is denied.

Regarding the  proposed  supplemental  questionnaire, the Government argues that the

supplemental questionnaire contains questions that are duplicative of questions in the standard questionnaire, and questions that could alert potential jurors to the specific nature of the case. For example, question 20 asks "Do you have strong feelings about the use of drugs generally, or of cocaine specifically?" The Court agrees that the proposed supplemental questionnaire would not assist the Court in selecting a fair and impartial jury. Thus, Defendant Clark's request for a supplemental jury questionnaire is denied.

Finally, regarding Defendant Clark's request to allow counsel to individually voir dire potential jurors, the Court notes that "few federal judges permit counsel to question prospective jurors directly." Rhonda McMillion, *Advocating Voir Dire Reform*, 77 A.B.A. J. 114 (Nov. 1991). Defendant Clark has not provided any reasons why voir dire conducted by the Court would be inadequate in this case. However, if the Government and Defendant Clark stipulate to have the jury selection conducted by a Magistrate Judge, the Magistrate Judge may, in his or her discretion, allow counsel to individually voir dire potential jurors.

## V. CONCLUSION

For the above reasons, Defendant Clark's Motion Regarding Voir Dire Procedures is HEREBY DENIED.

IT IS SO ORDERED.

s/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: July 13, 2006

CERTIFICATE OF SERVICE

    The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on July 13, 2006.

                                s/Marie E. Verlinde
                                Case Manager
                                (810) 984-3290

4