**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,          Case No. 2005-cr-80810
                 Plaintiff,                      Hon.:  LAWRENCE P. ZATKOFF
v.

MICHAEL ANTHONY CLARK, D-01,
                 Defendant.
_____/

AUSA, KAREN M. GIBBS          DAVID S. STEINGOLD (P29752)
Attorney for Plaintiff              Counsel for Defendant CLARK
211 W. Fort Street – Suite 2001    500 Griswold - Ste 1630
Detroit, MI  48226                Detroit, MI  48226
(313) 226-9100                   (313) 962-0000
_____/

**DEFENDANT CLARK'S**
**MOTION IN LIMINE TO PREVENT INTRODUCTION OF EVIDENCE**
**PURSUANT TO FRE 404(b)**
**AND**
**OBJECTIONS TO GOVERNMENT'S NOTICE OF INTENT TO INTRODUCE**
**EVIDENCE PURSUANT TO FRE 404(b)**
**AND**
**BRIEF IN SUPPORT OF MOTION**
**AND**
**CERTIFICATE OF SERVICE**

       NOW COMES Defendant MICHAEL CLARK, by and through his attorney DAVID S. STEINGOLD (P 29752) and for his objection to the government's notice of intention to introduce evidence pursuant to FRE 404 (b) and for his *motion in limine* to prevent the introduction of same, states to this Court as follows:

       1.       This matter is scheduled to proceed to trial on October 3, 2006.

       2.       On or about September 25, 2006, counsel received a notice of the government's intention to introduce evidence pursuant to Federal Rules of Evidence 404(b).

3.   Defendant CLARK objects to the government's notice of intent to introduce evidence pursuant to FRE 404(b).

4.   For the reasons stated in the Memorandum in Support hereof, incorporated by this reference, Defendant respectfully requests this Honorable Court enter an Order prohibiting the introduction of any and all of the proposed items listed in the government's notice.

WHEREFORE, Defendant respectfully prays this Honorable Court enter an Order prohibiting the introduction of evidence included in the Notice of Intent To Introduce Evidence Pursuant To Federal Rules Of Evidence 404 (b)

Respectfully submitted,

s/David S. Steingold (P29752)
Counsel for Defendant CLARK
500 Griswold - Ste 1630
Detroit, MI  48226
(313) 962-0000  (voice)
(313) 962-0766  (fax)
detroitdefender@yahoo.com

### MEMORANDUM IN SUPPORT OF DEFENDANT CLARK'S MOTION IN LIMINE TO PREVENT INTRODUCTION OF 404(b) EVIDENCE

Defendant Michael Anthony Clark hereby incorporates the law contained in co-defendant Jackson's objections to the government's notice of intent to introduce evidence pursuant to FRE 404 (b) by reference as if fully set forth herein.  To this point in time, the government has not indicated how it intends to prove the allegations in this case.  Aside from knowing that co-defendant Youngblood is a cooperating witness, and surmising that agents assigned to the

2

investigation of this matter are likely to testify, Defendant Clark is at a loss to predict how the government intends to prove its case. That makes it exceedingly difficult to address the proposed 404 (b) evidence.

Taking the proposed items in the government's list in order, the first item is that the government intends to prove that, "prior to February 12, 2005, and May 5, 2005 [sic]," the Defendant was a felon who consistently was in possession of multiple firearms in violation of federal law. The government claims that this is necessary to show intent, plan, preparation and method of operation.

It is unclear by the language used, whether the government intends to introduce evidence of Mr. Clark of being in possession of a firearm *between* February 12th and May 5, 2005, since that would be prior to May 5, 2005, or if the May 5, 2005 date is an error. Regardless, Mr. Clark is charged with being a felon in possession and the government has the guns taken out of his residence at the time it was searched. Mr. Clark has never denied owning firearms and has in fact filed an application for restoration of his rights, has taken courses from The National Rifle Association on home safety, all of which was referenced in the motion to dismiss those counts filed on Mr. Clark's behalf. In light of Mr. Clark never denying possession of any weapon, and in the absence of the government having any evidence that any of the weapons were stolen or otherwise illegal, the clear purpose that the government seeks to introduce this evidence is improper: to intimidate the jurors and have them fear Mr. Clark. This makes the alleged 404(b) evidence noticed by the government clearly more prejudicial than probative, and inadmissible pursuant to FRE 403.

It would appear that the government intends to try and show that Mr. Clark was a felon in possession on other dates or other circumstances than what has been charged. If so, then they

should charge those as well.  They have not.  The proposed evidence does not show Mr. Clark's intent to posses firearms, that already is demonstrated by his having been found in possession of the firearms, which were registered in his name.  It certainly does not go to plan or preparation or method of operation, as there is nothing in the government's submission or discovery provided to date, to demonstrate that Mr. Clark ever used a firearm in connection with any of the other charged offenses.  Clearly under this situation, the potential prejudice would far outweigh any probative value and, therefore, this Court should exclude that evidence under FRE 403.

      The second item is the prior conviction of Mr. Clark.  Mr. Clark has agreed to stipulate that he has a prior conviction, and the nature of the conviction has no probative value other than to scare the jury and prejudice Defendant.  Likewise, any evidence of the prior conviction introduced in addition to the stipulation would be cumulative, and more prejudicial than probative, in violation of FRE 403.  The noticed 404(b) evidence must be excluded by this Court.

      The third item is the government's proposal to show that Mr. Clark has a reputation for violence.  The government does not indicate how it intends to show that reputation, as Defendant has neither been given the benefit of that explanation, nor of any witness statements or proposed witnesses who would pretend to know that reputation.  Defendant Clark is, therefore, unable to specifically respond other than to indicate that if the government has evidence of Mr. Clark using violence, threatening or assaulting individuals to defend his organization than they should charge Mr. Clark with whatever crimes they feel he has committed.  The "notice" given in this instance, with nothing more, is vague and overbroad.

      Clearly, however, Defendant Clark's method of operation is not an issue in any of the charged counts.  As with the prior two items, it would appear that the government's intention is to try to scare the jury into thinking that Mr. Clark is a gun toting, threatening and assaultive

felon. All of this is attempting is to show the jury that Mr. Clark is a bad person. It is neither relevant nor to material to the charges. It is all evidence which is clearly not admissible and should not be admitted by this Court.

The fourth item is the government's desire to show that Defendant spent money to buy items prior to the dates of the alleged money laundering. It is not a crime to buy cars, homes or other items. There has been no income tax investigation or charges, there is no allegation of money laundering in connection with whatever other items the government intends to show Mr. Clark purchased prior to the dates of the indictment and, most importantly, it does not go to any element the government needs to show in any of the charged counts. Nothing about buying what the government claims are "extravagant" items shows Mr. Clark's intent to commit any of the crimes charged. This evidence does not show any plan to commit any of the crimes charged. Similarly it does not show the preparation to commit any crime charged. The government does not specify how buying vehicles or other items shows a method of operation. "Unexplained wealth," is not a listed reason under FRE 404(b).

Once again the government is seeking to go outside the dates of the indictment to try to show incidents or circumstances that have never been charged criminally, that are not included in the charged conspiracies or the other counts in the indictment and it would certainly appear that the only reason for seeking admission of this evidence in is to try and force Mr. Clark into testifying by demonstrating the adequacy of his finances to make the alleged purchases to which the government alludes.

At a minimum this Court needs to conduct a hearing so that the defense can discover specifically what evidence the government intends to introduce as, with the exception of the prior conviction, Defendant Clark has received no indication of what witnesses or specific

incidents the government intends to use to prove these four items. Upon a full disclosure, the defense can more adequately explain why it feels this Court should bar the proposed evidence.

This Court must be extremely careful to guard against the danger that a defendant will be convicted because of proof of other offenses rather than because the government has introduced evidence sufficient to prove beyond reasonable doubt that the Defendant is guilty of the charged crimes. The conduct must be introduced to prove an element of the charged offense that is material. If the Court does not conduct a hearing before trial to determine the specifics of the proposed evidence, we may find ourselves taking several breaks during the trial to conduct hearings once the government discloses the specific 404(b) evidence it intends to introduce.

Under the facts that have been set forth to date, FRE 403, which prohibits the introduction of evidence if its probative value is substantially outweighed by the danger of unfair prejudice or confusion of the issues, controls. The prejudice from introduction of these proposed items is clear, the probative value is not. This Court must grant Defendant Clark's *motion in limine* and prohibit the government from introducing the noticed 404(b) evidence at trial.

WHEREFORE, Defendant respectfully prays this Honorable Court hold a hearing into conclusion hearing rule that the government is precluded form introducing any of the items contained in its notice to introduce evidence pursuant to FRE 404 (b).

                                              Respectfully submitted,

                                              s/David S. Steingold (P29752)
                                              Counsel for Defendant CLARK
                                              500 Griswold - Ste 1630
                                              Detroit, MI  48226
                                              (313) 962-0000 (voice)
                                              (313) 962-0766 (fax)
                                              detroitdefender@yahoo.com

## **CERTIFICATE OF SERVICE**

     DAVID S. STEINGOLD states that on **29 September 2006**, he did file the above document using the CM/ECF electronic filing system which will result in copies of the document being served electronically on all relevant parties including, but not limited to: <u>AUSA KAREN GIBBS</u>.

                                    Respectfully submitted,

                                    <u>s/David S. Steingold (P29752)</u>
                                    Counsel for Defendant CLARK
                                    500 Griswold - Ste 1630
                                    Detroit, MI  48226
                                    (313) 962-0000 (voice)
                                    (313) 962-0766 (fax)
                                    detroitdefender@yahoo.com