UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                                       CRIMINAL NO. 05-80810
   Plaintiff,                   HON. LAWRENCE P. ZATKOFF

v.

D-1 MICHAEL CLARK,
D-4 JAMES JACKSON,

   Defendants.
_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on November 1, 2006

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

### I. INTRODUCTION

This matter is before the Court on Defendant Clark's motion to sever or, in the alternative, for a mistrial [dkt. 342]. For the reasons set forth below, Clark's motion is DENIED.

### II. BACKGROUND

Defendants Clark and Jackson are charged in the same indictment and were tried together. Jackson took the stand and testified on his own behalf. Clark has now filed a motion to sever, or, in the alternative, for a mistrial.

### III. ANALYSIS

There is a strong preference for joint trials of defendants who are jointly indicted; a defendant must show substantial, undue, or compelling prejudice in order to succeed on a motion

to sever. *United States v. Warner*, 971 F.2d 1189, 1196 (6th Cir 1992). "[S]everance is not required if some evidence is admissible against some defendants and not others**."** *Id.* Furthermore, "[h]ostility among defendants or the attempt of one defendant to save himself by inculpating another does not require that defendants be tried separately." *Id.* Finally, "defendants are not entitled to a separate trial simply because they may have a better chance of acquittal if they were tried alone." *United States v. Breinig*, 70 F.3d 850, 853 (6th Cir. 1995).

Clark raises two argument in support of his motion. First, when Jackson took the stand, he testified Clark had asked him to provide fuel for a truck on May 30, 2005. DEA agents seized a shipment of marijuana from the truck in question. Jackson also testified that Clark had asked him to provide fuel for trucks on other occasions. Clark argues that because this testimony was unfavorable to him he is entitled to a severance or mistrial. However, this argument is without merit. As noted above, the fact that one defendant attempts to save himself by inculpating another defendant does not require a severance.

Clark also argues that he was prejudiced by Jackson's attempts to admit the out of court statements of Felix Betanco and Juan Penuelas, neither of whom testified at trial. This argument is also without merit. First, the Court did not admit the statements of Penuelas, so that argument is not relevant. Second, while the Court did allow the admission of Betanco's statements, those statements were not admitted as evidence against Clark. As noted above, the fact that some evidence is admissible against one defendant, and not another, does not warrant a severance. Furthermore, the Court notes that Betanco's statements did not mention Clark. Clark argues that because the statements mentioned "Rojo" they incriminate him, because "Rojo" is an alias of Todd Benally and other evidence linked Benally and Clark.

The Court finds this argument unpersuasive. Even assuming the statements did in some way prejudice Clark, the prejudice is minimal, and not of the substantial character needed to justify a severance or mistrial. Likewise, Clark has failed to identify any prejudicial error relating to Jackson's testimony, or Betanco's statements, that would warrant a mistrial.

### IV. CONCLUSION

For the above reasons, Clark's motion to sever, or, in the alternative, for a mistrial is HEREBY DENIED.

IT IS SO ORDERED.

Date:   November 1, 2006

s/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**Proof of Service**

The undersigned certifies that a copy of the foregoing Opinion and Order was served on the attorneys of record herein by electronic means or U.S. Mail on **November 1, 2006**.

s/Kim Grimes
Acting in the absence of
Marie Verlinde, Case Manager