UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                CRIMINAL NO. 05-80810

Plaintiff,            HON. LAWRENCE P. ZATKOFF

v.

D-1 MICHAEL CLARK,
D-4 JAMES JACKSON,

      Defendants.
_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on November 2, 2006

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

This matter is before the Court on Defendant Clark's motion for a mistrial [dkt. 341]. The Government has responded to Clark's motion. For the reasons set forth below, Clark's motion is DENIED.

**II. ANALYSIS**

Clark's trial commenced on October 11, 2006. One of the charges against Clark was being a felon in possession of a firearm. Prior to trial, the parties stipulated that Clark had a prior felony conviction. During her opening statement, Assistant United States Attorney Gibbs ("AUSA") stated that Clark had a prior felony conviction for armed robbery. During the trial, DEA Special Agent Fountain was called to testify. In response to a question from AUSA Gibbs, Agent Fountain stated

that Clark had been previously convicted of armed robbery. The questions and answers were as follows:

> Q. Does [Clark] have a felony conviction?
>
> A. Yes, ma'am.
>
> Q. For what?
>
> A. Armed robbery.

Clark subsequently moved for a mistrial. The Court denied Clark's motion for a mistrial, and cautioned the AUSA to not refer to the nature of Clark's prior felony conviction. The nature of Clark's prior felony conviction was not mentioned again during the course of the trial.

During the testimony of Kevin Youngblood, the AUSA attempted to elicit information regarding alleged threats that Clark made against a co-defendant, Charles Gadson. The AUSA asked Youngblood if he had knowledge of any threats or acts of violence Clark made towards Charles Gadson. Clark's counsel objected, and the Court sustained Clark's objection. Youngblood also stated that Clark took out contracts to have Youngblood and others killed. The Court sustained Clark's objection to this answer as well.

Clark argues that all these instances constitute prosecutorial misconduct, and warrant a mistrial. In *United States v. Krebs*, 788 F.2d 1166 (6th Cir. 1986), the Sixth Circuit held that it was "convinced that several instances of prosecutorial misconduct occurred in the trial of this action." *Id.* at 1177. However, the Sixth Circuit noted that in order to warrant a new trial "prosecutorial misconduct must be so pronounced and persistent that it permeates the entire atmosphere of the trial." *Id.* (quotation omitted).

The Court agrees that it was an instance of prosecutorial misconduct for the AUSA to elicit

the nature of Clark's prior felony conviction from Agent Fountain. However, the Court notes that it previously denied Clark's motion for a mistrial regarding the statements regarding his prior felony conviction, and there was no further mention of the nature of his conviction.

Furthermore, Youngblood's testimony that Clark had taken out contracts to have others killed was not solicited by the AUSA. During cross-examination, Youngblood was asked by Clark's counsel whether he had taken out a contract on Clark's life. During redirect, the AUSA asked whether Clark had taken out a contract on Youngblood's life. This question was intended to explain why Youngblood had taken out a contract on Clark's life, and was permissible given the defense's line of questioning. When Youngblood began talking about other contracts Clark had taken out, the Court sustained Clark's objection.

The Court also sustained Clark's objection to the AUSA's question regarding Clark's threats and acts of violence towards Charles Gadson, an alleged member of Clark's drug organization. Although the objection was sustained, the Court is not convinced the question constituted prosecutorial misconduct. Attorneys may, in good faith, make an incorrect judgment call regarding the admissibility of certain testimony or evidence. In this case, the AUSA argued that she was in good faith attempting to elicit the information regarding Gadson to demonstrate how Clark ran his drug organization. The Court does not feel that this instance rose to the level of prosecutorial misconduct.

Assuming that all the above instances constituted prosecutorial misconduct, Clark is still not entitled to a mistrial. As noted above, even if there are several instances of prosecutorial misconduct, a mistrial is only warranted when the misconduct permeates the entire atmosphere of the trial. In *United States v. Forrest*, 17 F.3d 916 (6th Cir. 1994), the Sixth Circuit held that the

defendant was not entitled to a mistrial, in part because an improper reference by the prosecutor was relatively insignificant compared to the rest of the case. *Id.* at 920. The Court notes that the instant trial lasted almost three weeks, and over twenty witnesses were called. In this context, the instances of prosecutorial misconduct cannot be said to be so pervasive that they permeated the entire atmosphere of the trial. Therefore, Clark is not entitled to a mistrial.

### III. CONCLUSION

For the above reasons, Clark's motion for a mistrial is HEREBY DENIED.

IT IS SO ORDERED.

Date:  November 2, 2006 

s/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**Proof of Service**

The undersigned certifies that a copy of the foregoing Opinion and Order was served on the attorneys of record herein by electronic means or U.S. Mail on **November 2, 2006**.

s/Kim Grimes
Acting in the absence of
Marie Verlinde, Case Manager