## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

                              **CASE NO. 05-80810**

**vs.**                            **HON. LAWRENCE P. ZATKOFF**

**MICHAEL ANTHONY**
**CLARK,**

        **Defendant.**

_____/

### OPINION AND ORDER

In reviewing the revised Presentence Investigation Report ("PSR") prepared by the U.S. Probation Department for Defendant Michael Anthony Clark, the Court noted that there were four objections filed by the Government and 26 objections filed by the Defendant with respect to the original PSR that was prepared. Having presided over the trial in the Government's case against the Defendant, and being cognizant of the fact that this case will be appealed, the Court has elected to address each of the objections in this written opinion.

The Court first notes that all of the objections to the original PSR filed by the Government have been resolved in the revised PSR. The Court accepts all of the revisions made by the Probation Department with respect to the Government's objections.

As to the objections filed by the Defendant, the Court addresses each of them, in turn, below.

**Defendant's Objection No. 1**

Defendant denies using any alias names, dates of birth, drivers license numbers or social security numbers other than those initially given to him.

**U.S. Probation Department's Response to Objection No. 1**

The Probation Department indicates that these identifiers were obtained from a LEIN investigation on November 6, 2006.  Issue was deferred to the Court.

**COURT:**

The Court notes that this issue has no impact on the guideline range, and adopts the findings of the Probation Department.

**Defendant's Objection No. 2**

Defendant objects to page 8, paragraphs 12 through 14 of the report because they are hearsay and unreliable.  Defendant objects to the DEA's statements that he was directly involved in the distribution of over 2,000 kilograms of cocaine from 1996 to 2004.  Defendant also objects to DEA statement that he was "directly responsible for between 40 and 60 homicides" between 1992 and October 2005.

**U.S. Probation Department's Response to Objection No. 2**

The Probation Officer relies on the statements of the DEA as reliable and taken from sources close to the Defendant.  Probation Officer states that "DEA provided similar information during the trial and will be available at the sentencing hearing."  Issue was deferred to the Court.

**COURT:**

The Court first notes that this case was tried over several weeks and there was more than ample opportunity for all issues being argued at sentencing to be presented, by both parties.  We are not going to have a sentencing hearing now to retry the case.

The Court listened intently to the testimony at trial and took scrupulous notes.  Upon reviewing my notes, I have found nothing that suggests that Defendant is "directly responsible for between 40 and 60 homicides."  As such, the Court strikes Paragraph 14 of the PSR.

The Court notes that one of the DEA agents, Special Agent Fountain, testified at trial that the amount of cocaine trafficked by Defendant exceeded 2,000 kilograms.  In addition, numerous witnesses, namely Melvin Reed and Cornell Lewis, testified at

length at trial about the cocaine they were provided by Defendant. Their testimony supports a finding that Defendant trafficked at least 2,000 kilograms of cocaine. Cornell Lewis' testimony also supports the statements in Paragraph 13 that Defendant stole 40 kilograms of cocaine from his supplier in 2004 and the subsequent arrangements regarding marijuana trafficking from Arizona. As such, the Court finds that a preponderance of the evidence supports the statements set forth in the Paragraphs 12 and 13 of the PSR and the Court adopts them as written.

## Defendant's Objection No. 3

Defendant objects to having 2,000 kilograms of cocaine attributed to him for purposes of determining the guideline range.

## U.S. Probation Department's Response to Objection No. 3

The Probation Officer relies on his response to objection #2.

### COURT:

As the Court stated, there is evidence on the record of 2,000 kilograms of cocaine trafficked by Defendant.

More significantly, however, the Court's review of the Sentencing Guidelines reveals that there is absolutely no relevance to an amount of cocaine measuring 2,000 kilograms for purposes of calculating the base offense level. As set forth in Section 2.D.1.1(a)(3), the base offense level will be determined by the Drug Quantity Table set forth in Section 2.D.1.1(c). The Drug Quantity Table assesses a Base Offense Level of 38 for "150 KG or more of Cocaine."

At trial, several witnesses testified that Defendant was engaged in cocaine trafficking. In particular, Melvin Reed and Cornell Lewis (aka Treyvan Agee) testified in great detail about cocaine that Defendant provided to them. The Court found both Mr. Reed and Mr. Lewis to be credible witnesses. In a light most favorable to Defendant, Mr. Reed testified that he received 5 kilograms of cocaine from Defendant once a month for six months, which would be 30 kilograms. Mr. Reed further testified that on at least two occasions, he received 15-20 kilograms of cocaine from Defendant and that he once saw 50-70 kilograms of cocaine in a trap in one of the car traps.

In addition, Mr. Lewis testified that he received 20-30 kilograms of cocaine from Defendant at least once a month for several years, ending in 2004. In a light most favorable to Defendant, Defendant supplied Mr. Lewis with 20 kilograms for 24 months, which would be 480 kilograms. Mr. Reed further testified that on a couple of occasions, he saw as much as 70 kilograms of cocaine in a trap in Defendant's

3

Tahoe, 60 kilograms of cocaine in a trap in the Defendant's El Dorado several times, and 20 kilograms of cocaine in a trap in an Explorer several times.

For the foregoing reasons, the Court finds that there is a preponderance of evidence in the record to show that Defendant distributed at least 150 kilograms of cocaine. As a result, the appropriate Base Offense Level for Defendant pursuant to Section 2.D.1.1(a)(3) of the Guidelines would be 38.

## Defendant's Objection No. 4

Defendant apparently objected to a possible adjustment for Obstruction of Justice for providing false testimony at trial.

## U.S. Probation Department's Response to Objection No. 4

The Probation Officer states that there may be an enhancement for Obstruction of Justice for threatening, intimidating, or otherwise unlawful influencing a co-defendant, witness, or juror.

### COURT:

The Court notes first that Defendant did not testify at trial and did not obstruct justice in that manner. The Court also notes that the Probation Officer did not actually enhance any guideline calculations for Obstruction of Justice, but simply left it to the Court to determine whether any such enhancement should be made. The Court is not going to assess any enhancement for Obstruction of Justice. As such, the Court shall leave the PSR as written with respect to the Obstruction of Justice objections.

## Defendant's Objection No. 5

The defendant objects to page 11, paragraph 23 of the report and the guideline scoring based on 2,000 kilograms of cocaine. Further, the defendant objects to the grouping of Counts 41 and 42 unless there is competent evidence to support the enhancement of the two level increase for possession of firearms during the drug offense.

## U.S. Probation Department's Response to Objection No. 5

The defendant is correct in identifying the jury found the amount of cocaine attributed to the conspiracy to be "11 kilograms or more." The question remains how much more? Consistent with the Probation Department's Response to Objection No. 2, the information was obtained from the DEA by reliable sources close to the defendant. Again, the DEA will be available at the time of sentencing.

4

The defendant was found guilty by a jury of Counts 41 and 42, each charging the defendant with Felon in Possession of a Firearm. Pursuant to U.S.S.G. 3D 1.2, all counts involving substantially the same harm shall be grouped together into a single Group. Counts involve substantially the same harm within the meaning when one of the counts embodies conduct that is treated as a specific offense characteristic in, or other adjustment to, the guideline applicable to another of the counts. Under Section 2D1.1, that is, the guideline for the underlying drug offense, a two level increase (specific offense characteristic) is applicable if a dangerous weapon (including a firearm) was possessed. The grouping of Counts 41 and 42 is consistent with the grouping rules of Section 3D 1.2 and consistent with the jury's verdict. The Probation Department refers the issue to the Court.

**COURT:**

Again, the Court finds that the amount of cocaine attributable to Defendant is more than 150 kilograms and results in a Base Offense Level of 38 pursuant to Section 2.D.1.1(a)(3).

As to Counts 41 and 42, there was evidence that all of the firearms for which Defendant was convicted were possessed in conjunction with the drug offenses. The firearms in Count 41 were seized from the property at 7559 Prairie Street, Michigan on February 12, 2005. This was an address that the jury found was used to facilitate a drug offense and determined that the property should be forfeited to the Government for that reason. Second, the firearm for which Defendant was convicted in Count 42 was seized from him on May 5, 2005, which was during the time period in which the drug offense for which he was convicted in Count 1 was transpiring. Further, several witnesses, including Melvin Reed and Treyvan Agee, testified that Defendant kept firearms in traps in the automobiles utilized by Defendant for drug trafficking. As such, the Court concludes that grouping Counts 41 and 42 pursuant to U.S.S.G. 3D1.2. is appropriate. The Court therefore adopts Paragraph 23 of the PSR as written.

## Defendant's Objection No. 6

The defendant objects to page 12, paragraph 27 of the report and reasserts Objection No. 4.

## U.S. Probation Department's Response to Objection No. 6

The Probation Department revised the report and deleted any suggestion the obstruction of justice enhancement may be warranted for the possibility of false testimony. However, the enhancement may be warranted for given threatening, intimidating, or otherwise

5

unlawfully influencing a co-defendant, witness, or juror, directly or indirectly, or attempting to do so. The Probation Department refers the issue to the Court.

**COURT:**

> As the Court previously determined, it is not appropriate to assess an enhancement for obstruction of justice. Accordingly, the guideline range is not affected. The PSR shall remain as written.

## Defendant's Objection No. 7

The defendant objects to page 12, paragraph 28 of the report and the Adjusted Offense Level of 44 based upon his objections to the quantity of cocaine and the objection to grouping Counts 41 and 42 as Specific Offense Characteristics.

## U.S. Probation Department's Response to Objection No. 7

The Probation Department refers the Court to the Probation Department's Response to Objection Nos. 2, 5, and 6 for a decision in this matter. The Probation Department refers the issue to the Court.

**COURT:**

> As the Court previously stated, the amount of cocaine for which Defendant is responsible is more than 150 kilograms and Counts 41 and 42 shall be grouped together. Further, although Defendant did not directly contest the 2 level enhancement for a special offense characteristic (possession of a dangerous weapon) pursuant to Section 2.D.1.1.(b)(1) of the Guidelines or the 4 level enhancement for being an organizer or leader of criminal activity involving 5 or more persons, the Court finds, by a preponderance of the evidence, that the facts of the case supported such enhancements. Accordingly, Defendant's objection is denied and Paragraph 28 of the PSR is adopted as written.

## Defendant's Objection No. 8

The defendant objects to page 12, paragraph 30 of the report and the use of the Base Offense Level of 40 for the Continuing Criminal Enterprise guideline for the reasons stated in Objection No. 5.

## U.S. Probation Department's Response to Objection No. 8

The Probation Department directs the Court to the Probation Department's Response to

6

Objection No. 5 for a decision on this issue.

**COURT:**

The Court agrees with the Probation Department's calculation. Pursuant to Section 2.D.1.1., the base offense level is 40 (38 plus 2 level enhancement for dangerous weapon (firearm) being possessed). Paragraph 30 of the PSR is adopted as written.

**Defendant's Objection No. 9**

The defendant objects to page 13, paragraph 34, consistent with Objection No. 4

**U.S. Probation Department's Response to Objection No. 9**

The Probation Department revised the report and deleted any suggestion the obstruction of justice enhancement may be warranted for the possibility of false testimony. However, the enhancement may be warranted for given threatening, intimidating, or otherwise unlawfully influencing a co-defendant, witness, or juror, directly or indirectly, or attempting to do so. The Probation Department refers the issue to the Court.

**COURT:**

Again, it is not appropriate to assess an enhancement for obstruction of justice. Accordingly, the guideline range is not affected. The PSR shall remain as written.

**Defendant's Objection No. 10**

The defendant objects to page 13, paragraphs 35 and 39 of the report and the scoring of the respective paragraphs because they are based on the use of the Base Offense Level of 38 and the inclusion of Counts 41 and 42 and Specific Offense Characteristics.

**U.S. Probation Department's Response to Objection No. 10**

The Court's determination of the drug amount attributed to the defendant and grouping of Counts 41 and 42 will address this objection.

**COURT:**

For the reasons previously stated with respect to Defendant's Objection No. 7, the Court agrees with the Probation Department's calculation of a Total Offense Level of 44. Paragraphs 35 and 39 of the PSR are therefore adopted as written.

7

**Defendant's Objection No. 11**

The defendant objects to page 14, paragraph 42 of the report and the scoring of three criminal history points for the 1984 conviction of Robbery - Armed.

**U.S. Probation Department's Response to Objection No. 11**

The jury unanimously found the defendant guilty of Count 1 which identifies the earliest date of occurrence in or about 1996. The defendant was sentenced in 1984 to serve three and a half years imprisonment for the Robbery - Armed conviction, 12 years prior to the defendant's commission of the instant offense. Pursuant to U.S.S.G. 4A1.1, three criminal history points are added for each prior sentence of imprisonment exceeding one year and one month. Pursuant to U.S.S.G. 4A1.2(e), any prior sentence of imprisonment exceeding one year and one month that was imposed within 15 years of the defendant's commencement of the instant offense is counted. Therefore, an identified date of parole would not impact the applicable time period because the original sentence was imposed within 15 years of the defendant's involvement in the instant offense. The Probation Department refers the issue to the Court.

> **COURT:**
>
> > The Court agrees with the Probation Department's analysis. As the sentence for the Armed Robbery conviction was imposed in 1984 and the commencement of the conduct for which Defendant was convicted in this case was 1996, Sections 4.A.1.1 and 4.A.1.2(e) of the Guidelines dictate that 3 criminal history points be assessed. Paragraph 42 of the PSR shall remain as written.

**Defendant's Objection No. 12**

The defendant objects to page 15, paragraph 47 of the report and the assessment of six criminal history points, resulting in a Criminal History Category III for reasons identified in Objection No. 11.

**U.S. Probation Department's Response to Objection No. 12**

The Probation Department refers the Court to the Probation Department's Response to Objection No. 11 for a decision on the issue.

> **COURT:**
>
> > For the reasons just explained with respect to Defendant's Objection No. 11 (regarding the 1984 conviction), the Court agrees with the Probation Department's calculation of six criminal history points for Defendant, thereby

8

resulting in a Criminal History Category III. Paragraph 47 of the PSR is adopted as written.

**Defendant's Objection No. 13**

The defendant objects to page 15, paragraph 50 of the report and indicates he was informed by his state attorney the matter had been dismissed, resolving the warrant.

**U.S. Probation Department's Response to Objection No. 13**

A Register of Action obtained from the 36th District Court indicates a warrant was entered into LEIN on October 31, 2005, and remains active. There is no indication the charge was dismissed. The Probation Department refers the issue to the Court and directs the defendant to contact the 36th District Court to resolve the matter.

> **COURT:**
>
> Unless the Defendant can produce written documentation that the matter has been dismissed, the Court shall leave Paragraph 50 of the PSR as written. The Court notes that this matter has no bearing on the calculation of Defendant's guideline calculation.

**Defendant's Objection No. 14**

The defendant objects to page 15, paragraph 51 of the report and states the paragraph should reflect his custody status with federal authorities on October 12, 2005.

**U.S. Probation Department's Response to Objection No. 14**

The report was revised to include a statement indicating the defendant was in federal custody on October 12, 2005. The Probation Department considers the issue resolved.

> **COURT:**
>
> Unless any party objects, the Court adopts Paragraph 51 of the PSR, as revised.

**Defendant's Objection No. 15**

The defendant objects to page 15, paragraph 53 of the report and contests the date of arrest because he claims he was in the custody of Macomb County.

**U.S. Probation Department's Response to Objection No. 15**

According to arrest records obtained from the defendant's file maintained at the Detroit Police Department, he was arrested on December 26, 1983, for Breaking and Entering - Occupied Dwelling and traffic warrants. A decision by the Court will have no impact on the guideline range.

> **COURT:**
>
> The Court relies on the Probation Department's research and Paragraph 53 of the PSR shall remain as written.  Again, this issue will have no impact on the guideline range or the Court's sentence.

**Defendant's Objection No. 16**

The defendant objects to page 17, paragraph 66 of the report. The "other arrest" listed in this paragraph is the same case in paragraph 49.

**U.S. Probation Department's Response to Objection No. 16**

After reviewing the records, the Probation Department concurs with the defendant and has eliminated paragraph 66 from the report. The Probation Department considers the issue resolved.

> **COURT:**
>
> Unless any party objects, the Court adopts the removal of the other arrest formerly set forth at Paragraph 66 of the PSR.

**Defendant's Objection No. 17**

The defendant objects to page 17, paragraph 68 (now Paragraph 67) of the report. He states his brother, Gregory Jerome Clark, is incarcerated under the name Johnny Johnson. The defendant indicates the interviewer did not ask any details about his brother's incarceration.

**U.S. Probation Department's Response to Objection No. 17**

At the time of the interview, the Probation Department had no information to suggest or assume the defendant's brother was incarcerated under an alias name. The defendant did not provide this information at the time of the interview. Nonetheless, the report was revised to reflect the defendant's statements. The Probation Department considers the issue resolved.

10

**COURT:**

Unless any party objects, the Court adopts this revision to the PSR.

**Defendant's Objection No. 18**

The defendant objects to page 18, paragraph 69 (now Paragraph 68) of the report and states he contested the paternity of Michael Clark and Shantanique Clark. He reported an Order for Paternity of the children was entered but their respective mothers have refused to present them for blood testing.

**U.S. Probation Department's Response to Objection No. 18**

The defendant did not provide this information to the Probation Department at the time of the interview. The Wayne County Friend of the Court did not acknowledge the defendant's denied paternity. These recent statements will be added to the report to reflect the defendant sentiments. The Probation Department considers the issue resolved.

**COURT:**

The Court accepts the revisions to the PSR with respect to this issue.

**Defendant's Objection No. 19**

The defendant objects to page 18, paragraph 70 (now Paragraph 69) of the report and states he resided at 1289 Hunter Court for six years, not one year, prior to his arrest.

**U.S. Probation Department's Response to Objection No. 19**

The Probation Department revised the report to reflect the defendant's recent statements. Recent statements are consistent with the purchase date of the property. The Probation Department considers the issue resolved.

**COURT:**

The Court accepts the revisions to the PSR with respect to this issue.

**Defendant's Objection No. 20**

The defendant objects to page 18, paragraph 71 (now Paragraph 70) of the report and denies "stipulating" he has no significant scars or tattoos. The defendant states he knows his scars and tattoos were photographed by the U.S. Marshal Service at the time of his arrest and assumed

11

those photos were in the possession of the interviewer.

**U.S. Probation Department's Response to Objection No. 20**

At the time of the interview, the Probation Department did not ask the defendant his assumptions or what he thought the Probation Department knew regarding his scars or tattoos. He was asked directly if he maintained any scars or tattoos. The defendant replied "no." The report will remain as written. A decision by the Court will have no impact on the guideline range.

      **COURT:**

            The Court adopts the PSR as written.

**Defendant's Objection No. 21**

The defendant objects to page 19, paragraph 74 (now Paragraph 73) of the report and asks the paragraph be revised to include the drug test results of a test administered at the time of his arrest.

**U.S.  Probation Department's Response to Objection No. 21**

Drug test results identified in the report include tests administered by the Probation Department and positive test results presented by the Pretrial Services Agency or substance abuse treatment facility, if applicable. The report will remain as written. A decision by the Court will have no impact on the guideline range.

      **COURT:**

            The Court accepts the PSR as written.

**Defendant's Objection No. 22**

The defendant objects to page 19, paragraph 75 (now Paragraph 74) of the report and states he was incarcerated at the Michigan Training Unit in 1985, not the Ionia Maximum Correctional Facility.

**U.S. Probation Department's Response to Objection No. 22**

The information contained in the report is consistent with information provided by the defendant at the time of the interview. Despite this "change" of information, the report was revised to indicate the defendant received his G.E.D. "while in custody." The Probation Department considers the issue resolved.

**COURT:**

       The Court accepts the revisions to the PSR with respect to this issue.

## Defendant's Objection No. 23

The defendant objects to page 19, paragraph 76 (now Paragraph 75) and the inclusion of the sentence, "According to the DEA, the property [I7026 Plymouth Road] was purchased with drug proceeds and is a great example of a "shell business," that is, a business which makes the owner appear legitimate on paper, but is not operational."

## U.S. Probation Department's Response to Objection No. 23

The Probation Department concurs with the defendant. The 17026 Plymouth property was not forfeited and the statement provided by the DEA is removed. The Probation Department considers the issue resolved.

**COURT:**

       The Court accepts the revisions to the PSR with respect to this issue.

## Defendant's Objection No. 24

The defendant objects to page 20, paragraph 80 (now Paragraph 79) of the report and denies quit-claiming the property located at 1289 Hunter Court to Linda Layes. He states his signature on the quit claim deed was forged by an unknown person.

## U.S. Probation Department's Response to Objection No. 24

The Probation Department has no information, other than the defendant's statements, to suggest his signature was forged to quit-claim deed the property to Linda Hayes. The report will remain as written. The Probation Department refers the issue to the Court.

**COURT:**

       The Court adopts the PSR as written.

## Defendant's Objection No. 25

The defendant objects to page 20, paragraph 82 (now Paragraph 81) of the report. He contends the 2000 Dodge Ram was traded for another vehicle at Superior Chevrolet and the 2001 Kawasaki was totally destroyed in an accident.  The defendant asks these items be deleted.

13

**U.S. Probation Department's Response to Objection No. 25**

The Probation Department was not provided with any documentation to support the defendant's claims. The report will remain as written. A decision by the Court will have no impact on the guideline range.

> **COURT:**
>
> The Court recalls that the evidence at trial was that the 2001 Kawasaki was totally destroyed in an accident and strikes the 2001 Kawasaki as an asset of Defendant. The Court does not recall any testimony regarding the transfer of the 2000 Dodge Ram for another vehicle. As such, the PSR shall remain as written with respect to the 2000 Dodge Ram.

**Defendant's Objection No. 26**

The defendant objects to page 22, paragraph 93 of the report and the determination the Total Offense Level is 44 and Criminal History Category is III for the reasons stated above.

**U.S. Probation Department's Response to Objection No. 26**

The Probation Department refers the Court to the objections and responses provided above to reach a decision in this matter.

> **COURT:**
>
> As discussed previously, the Court agrees with the Probation Department that the Total Offense Level is 44 and Criminal History Category III is applicable to Defendant. The Court therefore adopts the PSR as written with respect to Paragraph 93.

IT IS SO ORDERED.

s/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: February 22, 2007

14

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on February 22, 2007.

s/Marie E. Verlinde
Case Manager
(810) 984-3290

15