**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

        Plaintiff,

CRIMINAL CASE NO. 05-80810
HON. LAWRENCE P. ZATKOFF

v.

MICHAEL ANTHONY CLARK,

        Defendant.
_____/

**SENTENCING OPINION**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on February 22, 2007

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

On November 2, 2006, after a jury trial, Defendant Clark was convicted of the following counts: count one, conspiracy to possess with intent to distribute and to distribute marijuana; count two, conspiracy to possess with intent to distribute and to distribute cocaine; count four, continuing criminal enterprise; counts five, seven, eleven, thirteen, and thirty-three, unlawful use of communication facilities to conspire to possess with intent to distribute controlled substances; and counts forty-one and forty-two, felon in possession of a firearm. The jury found the amount of marijuana involved was at least 700 kilograms but less than 1000 kilograms, and the amount of cocaine involved was 11 kilograms or more. For the reasons set forth below, the Court imposes the following sentence:

    Count one:                   480 months;

| | |
|---|---|
| Count two: | 600 months; |
| Count four: | 600 months; |
| Counts five, seven, eleven, thirteen and thirty-three: | 48 months; |
| Counts forty-one and forty-two: | 120 months. |

The sentences will run concurrent to each other.

## II. SENTENCING FACTORS

When sentencing a defendant, the Court must consider the relevant factors from 18 U.S.C. § 3553, and articulate the reasons for its sentencing decision. *United States v. McBride,* 434 F.3d 470, 476 (6th Cir. 2006). The Court will now analyze the relevant factors as they relate to Jackson.

**1.     The nature and circumstances of the offense**

Clark was the organizer and leader of a substantial drug organization, involving fifteen charged defendants. Beginning in 1996, Clark obtained cocaine from a source in Chicago, Illinois. Clark recruited other individuals to assist with the transportation and distribution of cocaine. The cocaine was often concealed in hidden compartments inside automobiles. Clark also concealed firearms in hidden compartments inside automobiles.

Beginning in 2004, Clark began trafficking marijuana from Arizona to Detroit. The marijuana was transported to Detroit in tractor trailers. Clark used cellular telephones to coordinate the delivery of the marijuana.

In February of 2005, the Detroit Violent Crimes Task Force and Drug Enforcement Administration executed a search warrant at Clark's residence at 7559 Prairie, Detroit. Clark was present during the search. The officers seized seven firearms from the residence. In May of 2005,

two officers of the Detroit Police Department observed Clark crouching by a vehicle with a Bushmaster semi-automatic rifle, containing 19 live rounds. One round was in the chamber, and another round was stuck in the ejection port.

**2.      The history and characteristics of the defendant**

In 1984 Clark was convicted in two criminal cases: for armed robbery, and armed robbery/criminal sexual conduct, 2nd degree. Clark was sentenced to 3.5 to 7 years in the armed robbery case, and 8 to 15 years in the armed robbery/criminal sexual conduct case. Clark was paroled after serving less than 7 years of his sentence. In 1998 Clark was charged with driving while license suspended/revoked/denied. Several bonds were forfeited after Clark failed to appear for his arraignment on four occasions. In 2000 Clark pled guilty to the reduced charge of failure to display a valid license.

Clark also has four pending charges. In December of 2004, Clark was arrested and charged with failure to display a valid license. Clark failed to appear for the pretrial hearing. In February of 2005, Clark was arrested and charged with assault and battery. The female complainant alleged that Clark struck her in the face after she rejected his advances at a bar. In May of 2005, Clark was arrested twice and charged with violation of firearm ordinance and felon in possession.

**3.      The seriousness of the offense**

As discussed above**,** Clark was the organizer and leader of a large-scale drug organization, that was responsible for the introduction of a substantial amount of drugs into the community. As noted in the Court's sentencing opinion for co-defendant Kevin Youngblood, several previously law-abiding citizens were drawn into the conspiracy, and subsequently had their lives ruined. Clark also illegally possessed numerous firearms, thus posing a severe risk to the community.

**4.      Promote respect for the law and afford adequate deterrence to criminal conduct**

Clark's prior sentences have failed to promote respect for the law and afford adequate deterrence to criminal conduct. Clark's criminal history indicates that he poses a substantial risk to the community. Clark has convictions for armed robbery and armed robbery/criminal sexual conduct, and has continued to display a lack of respect for the law. Clark has failed to end his criminal activity despite repeated encounters with law enforcement officers. After seven firearms were seized from Clark in February of 2005, Clark was found in May of 2005 on the streets of Detroit with a Bushmaster semi-automatic rifle. Clark's traffic violations, while minor compared to his drug and gun offenses, also demonstrate his lack of respect for the law. In 1998 Clark failed to appear for an arraignment four times, and failed to appear for a pretrial hearing in 2004. A sentence of 600 months is necessary to promote respect for the law and afford adequate deterrence to criminal conduct

**5.      Protect the public from further crimes of the defendant**

Clark's illegal possession of an arsenal of firearms (eight were seized by the authorities, including a semi-automatic rifle) shows that he poses a severe threat to the community. Furthermore, not only has Clark participated in criminal conspiracies, involving large amounts of narcotics, he has organized and led them. Thus, Clark's unlawful activities have had a ripple effect, causing great harm to the community. A sentence of 600 months is necessary to protect the public from further crimes of Clark.

**6.      Provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most**

Clark has consumed alcohol on a daily basis since 2004, and has experienced two alcohol-induced blackouts. Clark will benefit from a substance abuse treatment program in prison.

**7.      Guideline Range**

Based on a total offense level of 44, and a criminal history category of III, the guideline range is life.  The Court is required to impose a sentence that is sufficient, but not greater than necessary, to comply with the purposes of 18 U.S.C. § 3553.  As discussed above, Clark's offense was serious and he poses a significant threat to the community.  However, the Court feels a sentence of life is greater than necessary to comply with the purposes of 18 U.S.C. § 3553.  Clark was not convicted of a crime of violence.  The Court finds that a sentence of 600 months is sufficient to comply with the provisions of 18 U.S.C. § 3553.

**8.      Need to avoid unwarranted sentence disparities**

Charles Gadson, Treyvan Agee, and Kevin Youngblood, members one level below Clark in Clark's drug organization, received sentences of 120 months, 48 months, and 109 months, respectively.  The Court finds that the guideline sentence of life would be too great a disparity in this case.  However, those three codefendants accepted plea agreements, and Agee and Youngblood cooperated with the government.  In addition, as the leader of the organization, Clark bears greater responsibility than his codefendants.  Thus, a significant sentence disparity is warranted in this case. The Court finds that a sentence of 600 months is sufficient to comply with the provisions of 18 U.S.C. § 3553.

### III. CONCLUSION

For the reasons set forth above, the Court imposes the following sentence:

Count one:                 480 months;

Count two:                 600 months;

Count four:                600 months;

5

    Counts five, seven, eleven,
    thirteen and thirty-three:    48 months;

    Counts forty-one
    and forty-two:    120 months.

The sentences will run concurrent to each other. The Court also imposes a special assessment of $1,000.00 and a fine of $30,000.00. Upon release from imprisonment, Clark shall be on supervised release for five years. The Court imposes all standard conditions of supervision, and the following two special conditions:

1. Clark shall participate in a program approved by the Probation Department for substance abuse, which program may include testing to determine if the defendant has reverted to the use of drugs or alcohol, if necessary.

2. Clark shall pay all friend of the court child support arrearages.

    IT IS SO ORDERED.

    s/Lawrence P. Zatkoff
    LAWRENCE P. ZATKOFF
    UNITED STATES DISTRICT JUDGE

Dated: February 23, 2007

CERTIFICATE OF SERVICE

    The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on February 23, 2007.

s/Marie E. Verlinde
Case Manager
(810) 984-3290