UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

          CRIMINAL NO. 05-80810

   Plaintiff,          HON. LAWRENCE P. ZATKOFF

v.

D-1 MICHAEL CLARK,

   Defendant.
_____/


**OPINION AND ORDER DENYING MOTION**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on April 17, 2007

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

### I.  INTRODUCTION

This matter is before the Court on Defendant's motion to stay order of forfeiture, filed on March 8, 2007.  For the reasons set forth below, Defendant's motion is DENIED.

### II. BACKGROUND

On November 2, 2006, Defendant was convicted by a jury of conspiracy to possess with intent to distribute marijuana, conspiracy to possess with intent to distribute cocaine, running a continuing criminal enterprise, unlawful use of a communications facility, and being a felon in possession of a firearm.  The jury further found that the following properties were used to commit, or were the proceeds, of the drug offenses: two car washes and a house, located in Detroit, a 1996 Chevrolet Impala, a 1997 BMW, and a 1969 Buick Convertible.  On December 21, 2006, the Court entered a preliminary order of forfeiture for the above properties, which became final at Defendant's

sentencing on February 22, 2007.

### III. LEGAL STANDARD

The decision to stay an order of forfeiture is within the Court's discretion. *United States v. Hill*, 167 F.3d 1055, 1074 (6th Cir. 1999). Factors for the Court to consider when determining whether to issue a stay are "1) the likelihood of success on appeal, 2) whether the forfeited asset is likely to depreciate over time, 3) the forfeited asset's intrinsic value to defendant and 4) the expense of maintaining the forfeited property." *U.S. v. Hronek*, No. 5:02 CR 142, 2003 U.S. Dist. LEXIS 25472, *2 (N.D. Ohio Aug. 4, 2003).

### IV. ANALYSIS

Defendant argues that the properties at issue will likely appreciate over the time period of his appeal. Defendant also argues that the properties, including his house in Detroit and several automobiles, have intrinsic value. Finally, Defendant argues that the cost of storing the properties is minimal.

In response, the government notes that Southeastern Michigan real estate market is very depressed, and thus the value of the real estate is likely to depreciate. The government notes that although one of the properties was Defendant's home, he used his home to deal drugs and store firearms. The government also argues that there is nothing unique or irreplaceable about Defendant's automobiles. Finally, the government argues that it will incur significant expenses in securing the real estate and storing the automobiles.

The Court finds that a stay of forfeiture is not warranted in this case. Having presided over Defendant's lengthy trial, the Court finds that Defendant does not have a likelihood of success on appeal. As discussed in the Court's November 8, 2006 opinion and order, the evidence was

sufficient to convict Defendant. The Court agrees with the government that, given the depressed Southeastern Michigan real estate market, Defendant's property will not appreciate, and will most likely depreciate in value. The Court also agrees that the government will incur significant costs in securing Defendant's real estate, and storing his automobiles.

## V. CONCLUSION

For the above reasons, Defendant's motion to stay order of forfeiture is HEREBY DENIED.

IT IS SO ORDERED.

                        s/Lawrence P. Zatkoff
                        LAWRENCE P. ZATKOFF
                        UNITED STATES DISTRICT JUDGE

Dated: April 17, 2007

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on April 17, 2007.

                        s/Marie E. Verlinde
                        Case Manager
                        (810) 984-3290