UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,          CRIMINAL CASE NO. 05-cr-80810-1

    v.          CIVIL ACTION NO. 14-cv-10183

MICHAEL ANTHONY CLARK,          DISTRICT JUDGE SEAN F. COX

    Defendant/Petitioner.          MAGISTRATE JUDGE MONA K. MAJZOUB

_____/

## OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR EVIDENTIARY HEARING [624], MOTION FOR DISCOVERY AND INSPECTION [625], AND MOTIONS TO ENLARGE TIME [626], [631], [634], AND [635]

Defendant Michael Anthony Clark filed a Motion to Vacate, Set Aside or Correct his Sentence pursuant to 28 U.S.C. § 2255 on January 15, 2014. (Docket no. 627.) This matter is before the Court on six motions filed by Defendant related to his Motion to Vacate: (1) Motion for Evidentiary Hearing (docket no. 624); (2) Motion for Discovery and Inspection (docket no. 625); (3) Motion to Enlarge Time to File Brief and Appendix (docket no. 626); (4) Motion to Enlarge Time to File Brief and Appendix (docket no. 631); (5) Motion to Extend Time for Enlargement to File Brief and Appendix (docket no. 634); and (6) Motion to Enlarge Time to File Appendix and Memorandum of Law (docket no. 635). Plaintiff United States of America has not responded to Defendant's motions. The motions have been referred to the undersigned for consideration. (Docket nos. 630 and 639.) The Court has reviewed the pleadings and dispenses with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f)(2). The Court is now ready to rule pursuant to 28 U.S.C. § 636(b)(1)(A).

### I. Motion for Evidentiary Hearing [624]

Defendant filed a Motion for Evidentiary Hearing contemporaneously with his Motion to Vacate. (Docket no. 624.) "A prisoner who files a motion under Section 2255 challenging a federal conviction is entitled to 'a prompt hearing' at which the district court is to 'determine the issues and make findings of fact and conclusions of law with respect thereto.'" *Smith v. U.S.*, 348 F.3d 545, 550 (6th Cir. 2003) (quoting 28 U.S.C. § 2255). "The hearing is mandatory unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." *Id*. (citing *Fontaine v. U.S.,* 411 U.S. 213, 215 (1973)) (internal quotation marks omitted). In determining whether a hearing is warranted, the court "must review the answer, any transcripts and records of prior proceedings, and any materials submitted under Rule 7." Rules Governing § 2255 Proceedings, Rule 8, 28 U.S.C. foll. § 2255. Here, Defendant has not yet submitted his brief in support of his Motion to Vacate, and the Court has not yet ordered a response from the Government. Defendant's motion is, therefore, premature. The Court will order an evidentiary hearing if it is appropriate under Rule 8 after considering Defendant's brief, the Government's response, and any other relevant materials. Accordingly, the Court will deny Defendant's Motion for Evidentiary Hearing without prejudice.

### II. Motion for Discovery and Inspection [625]

Defendant also filed a Motion for Discovery and Inspection contemporaneously with his Motion to Vacate. (Docket no. 625.) A party seeking leave to conduct discovery in furtherance of a motion to vacate filed pursuant to 28 U.S.C. § 2255 must provide reasons for the discovery request. Rules Governing § 2255 Proceedings, Rule 6, 28 U.S.C. foll. § 2255. The party must also include any proposed interrogatories, requests for admission, or requests for production of documents with the request. *Id*. While Defendant's Motion for Discovery includes proposed

document requests, it does not include reasons for those requests. Thus, the Court will deny Defendant's Motion for Discovery and Inspection.

### III.     Motions to Enlarge Time to File Brief and Appendix [626], [631], [634], and [635]

The third motion that Defendant filed contemporaneously with his Motion to Vacate is a Motion to Enlarge Time to File Brief and Appendix. (Docket no. 626.) In this motion, Defendant asks the Court to give him until May 14, 2014 to file a brief and appendix in support of his Motion to Vacate. (*Id.*) Since then, Defendant has filed three similar motions. On May 16, 2014, Defendant filed a Motion to Enlarge Time to extend the deadline for filing a supporting brief and appendix to September 14, 2014. (Docket no. 631.) On September 15, 2014, Defendant filed a Motion to Extend Time for Enlargement to File Brief and Appendix, requesting that he have until December 9, 2014 to file such items. (Docket no. 634.) Finally, on November 24, 2014, Defendant filed a Motion to Enlarge Time to File Appendix and Memorandum of Law, in which he requested an extension until March 16, 2015.[1] To date, Defendant has not filed a supporting brief or appendix, and he has not filed any further Motions to Enlarge Time. Because the requested deadlines in each of Defendant's Motions have passed, the Court will deny the Motions as moot. The Court will, however, permit Defendant to file a brief in support of his Motion to Vacate by June 30, 2015. Any brief filed by Defendant after this deadline will be considered untimely and will be stricken from the record.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Evidentiary Hearing [624] is **DENIED** without prejudice; Defendant's Motion for Discovery and Inspection [625] is **DENIED**; and Defendant's Motions to Enlarge Time to File Brief and Appendix [626], [631], [634], and [635] are **DENIED** as moot.

---

[1] In this Motion, Defendant requests an extension of time from November 16, 2014 to March 16, 2014. The Court assumes that March 16, 2014 is a typographical error and will construe the date requested by Defendant to be March 16, 2015.

**IT IS FURTHER ORDERED** that Defendant may file a brief in support of his Motion to Vacate no later than June 30, 2015.  This deadline will not be extended.

## NOTICE TO THE PARTIES

Pursuant to Federal Rule of Civil Procedure 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated:  April 27, 2015          s/ Mona K. Majzoub
                                MONA K. MAJZOUB
                                UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Order was served upon Michael Anthony Clark and Counsel of Record on this date.

Dated:  April 27, 2015          s/ Lisa C. Bartlett
                                Case Manager

4