UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff/Respondent,

v.                                            Case No. 05-80810
                                             Honorable Sean F. Cox
Michael Anthony Clark,                  Magistrate Judge Mona K. Majzoub

    Defendant/Petitioner.
_____/

## **ORDER ACCEPTING & ADOPTING REPORT AND RECOMMENDATION**

Currently before the Court is Petitioner Michael Anthony Clark's ("Petitioner") Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. # 627), Amended Motion to Vacate (Doc. # 655), Second Amended Motion to Vacate (Doc. # 659 at 2-11), Supplemental Motion to Vacate (Doc. # 663), Motion for Evidentiary Hearing (Doc. # 649), Motions for Discovery and Inspection (Doc. # 650, 672, and 681), Motion for Appointment of Counsel (Doc. # 658), and Motions for Liberal Construction of Pleading (Doc. # 659 at 1, 674). Petitioner's motions have subsequently been referred to Magistrate Judge Mona K. Majzoub. (Doc. # 630, 654, 657, 661, 664, 675, and 682) pursuant to 28 U.S.C. § 636(b)(1)(A) and (B).

On February 21, 2017, Magistrate Judge Majzoub issued a Report and Recommendation ("R&R"), wherein she recommended that Petitioner's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. # 627), Amended Motion to Vacate (Doc. # 655), Second Amended Motion to Vacate (Doc. # 659 at 2-11), Supplemental Motion to Vacate (Doc. # 663), Motion for Evidentiary Hearing (Doc. # 649), and Motions for Discovery and Inspection

1

(Doc. # 650, 672, and 681) be **DENIED**. (Doc. # 683, R&R at 2). In light of Magistrate Judge Majzoub's recommendations, she concluded that Petitioner's remaining motions–Motion for Appointment of Counsel (Doc. # 658) and Motions for the Liberal Construction of Pleading (Doc. # 659 at 1 and 674)–should be **DENIED as moot**. (*Id.*).

Petitioner was permitted to file late objections to the Magistrate Judge's R&R, (Doc. # 688), which he did on May 5, 2017. (Doc. # 690, Pet.'s Objs.). The Government has not responded to Petitioner's objections and the time to do so has passed. The Court finds Petitioner's objections to be improper and without merit. Therefore, the Court shall **ACCEPT AND ADOPT** the R&R in its entirety.

## STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 72(b), a party objecting to the recommended disposition of a matter by a Magistrate Judge must file objections to the R&R within fourteen (14) days after being served with a copy of the R&R. Fed. R. Civ. P. 72(b)(2). Objections must "(A) specify the part of the order, proposed findings, recommendations, or report to which a person objects; and (B) state the basis for the objection." E.D. Mich. LR 72.1(d).

Objections are not "a second opportunity to present the argument already considered by the Magistrate Judge." *Betancourt v. Ace Ins. Co. of Puerto Rico*, 313 F. Supp. 2d 32, 34 (D.P.R. 2004). Moreover, the district court should not consider arguments that have not first been presented to the magistrate judge. *See Stonecrest Partners, LLC v. Bank of Hampton Roads*, 770 F. Supp. 2d 778, 785 (E.D.N.C. 2011).

"The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the

2

recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

## ANALYSIS

The Court notes that Petitioner's objections are difficult to discern and that they are not numbered in any logical order. Keeping that in mind, the Court will do its best to sort and address Petitioner's objections.

Petitioner's first objection relates to his motions for discovery and inspection. In his objection, Petitioner provides reasons for the requests. This objection is improper because Petitioner never presented these reasons to the Magistrate Judge. The Court will not consider arguments that were not previously made before, and considered by, the Magistrate Judge. Petitioner's first objection is overruled.

Petitioner's next objection relates to his underlying § 2255 motions. Petitioner argues that his § 2255 claims require an evidentiary hearing. Petitioner makes no mention of the Magistrate Judge's R&R. Nor does Petitioner point to any specific deficiency in Magistrate Judge Majzoub's reasoning as to this issue. As such, this objection is overruled.

In his third objection, Petitioner appears to reassert arguments made in his underlying § 2255 motions. Specifically, Petitioner argues that he was entitled to a *Franks* hearing with regard to wiretap and search warrant affidavits. (Pet.'s Objs. at p. 3). Magistrate Judge Mazjoub has already rejected this argument, noting that:

> Petitioner also alleges that counsel was ineffective in failing to file for or pursue a *Franks* hearing with regard to the wiretap and search warrant affidavits. (Docket no. 627 at 10; docket no. 651 at 36). "Under *Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978), a defendant is entitled to an evidentiary hearing on the veracity of the statements in the affidavit only if 1) there is a substantial preliminary showing that specified portions of the affiant's averments

3

> are deliberately or recklessly false and 2) a finding of probable cause would not be supported by the remaining content of the affidavit when the allegedly false material is set aside." *United States v. Frazier*, 423 F.3d 526, 538 (6th Cir. 2005). "Warrant affidavits carry with them 'a presumption of validity,' and 'the challenger's attack must be more than conclusory' and must allege 'deliberate falsity or reckless disregard [on the part] *of the affiant*, not of the any nongovernmental informant.'" *United States v. Stuart*, 507 F.3d 391, 396 (6th Cir. 2007) (quoting *Franks*, 438 U.S. at 171) (emphasis added in *Stuart*). The allegations of deliberate falsity and reckless disregard "must be accompanied by an offer of proof[,] [t]hey should point out specifically the portion of the warrant affidavit that is claimed to be false[,] and they should be accompanied by a statement of supporting reasons. Affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained." *Franks*, 438 U.S. at 171.
>
> Petitioner's allegations in this regard are wholly conclusory. In the brief filed in support of his Motion to Vacate, Petitioner summarizes the substance of the affidavits, namely the statements made by the affiants and the confidential sources, and then he generally states that those statements were uncorroborated, made with a reckless disregard for the truth, and "were knowingly and intentionally made with the intent to excite prejudice against [Petitioner] without due process." (Docket no. 651 at 25-36). Petitioner does not specify whether he is challenging the statements made by the affiants, by the confidential sources, or both. And Petitioner's allegations are not accompanied by any offer of proof or statement of reasons regarding the material falsity of the statements. Petitioner has failed to show that he was entitled to a Franks hearing. Consequently, Petitioner has failed to show that counsel's failure to request a *Franks* hearing was erroneous or that he suffered prejudice as a result.

(R&R at pp. 9-10). To the extent that Petitioner objects to the R&R, he fails to point to any specific deficiency in the Magistrate Judge's reasoning. Moreover, the Court agrees with Magistrate Judge Mazjoub's resolution of this issue. Petitioner's objection is overruled.

Petitioner's next objection is titled "Claim No. 6 Felon In Possession of Firearms Issue." (Pet.'s Objs. at p. 3). Petitioner appears to be arguing that his trial attorney was ineffective for failing to provide the court with documentation that would have led to the dismissal of Petitioner's felon-in-possession charges. Petitioner concludes that the documents submitted by him to support his ineffective assistance claim were all he had access to at the time. (*Id*. at p. 4).

4

Petitioner's objection is conclusory and fails to point to any specific deficiency in the Magistrate Judge's R&R. Morever, Magistrate Judge Mazjoub has already addressed this argument and the Court agrees with her analysis:

> But Petitioner argues that his counsel failed to competently investigate and present all of the facts surrounding the restoration of his firearm rights, and had they done so, the felon-in-possession counts would have been dismissed. (Docket no. 655 at 2-7; docket no. 673 at 1-2).
>
> . . . .
>
> To support his argument in this regard, Petitioner submitted copies of court documents which demonstrate that either the previous firearms charges had been dismissed without prejudice or that he had been acquitted of the charges at trial. (Docket no. 655 at 34-46.). Not one of these documents, however, provides any reason for the dismissals or acquittals, thus, they do not establish that the dismissals or acquittals were based on Petitioner's asserted fact that his right to possess firearms had been restored. Petitioner also submitted a copy of an October 12, 2001 letter sent to the Oakland County Concealed Weapon Licensing Board by attorney S. Allen Earl on behalf of Petitioner, to which letter Petitioner's Application for Restoration of Firearms Rights was purportedly attached, as well as a copy of a certificate generated by the National Rifle Association (NRA), which was awarded to Petitioner on September 21, 2001 for the successful completion of an NRA home protection course. (Docket no. 651-1 at 26-27.) Again, neither of these documents establishes that Petitioner's rights to possess firearms had been restored. And petitioner has not produced any evidence that his Application for Restoration of Firearms Rights was ever granted. Accordingly, Petitioner has not demonstrated that counsel failed to conduct a reasonable investigation into the restoration of his firearms rights, or that a different result would have occurred absent the alleged error.

(R&R at pp. 11-12). To the extent that Petitioner argues now that the documents provided to the Magistrate Judge in support of his § 2255 were all that he had at the time, this does not save Petitioner's claim. Petitioner's fourth objection is overruled.

Petitioner's fifth objection is titled "Ineffective Assistance Claim regarding Counsel's Failure to Challenge the Warrant Affidavit for Search at 7559 Prairie street and Livernois Avenue in Detroit." (Pet.'s Objs. at p. 4). This objection is without merit. As Magistrate Judge

5

Mazjoub correctly notes, Petitioner's trial attorneys filed two motions to suppress evidence obtained through the search warrants executed at 8843 Livernois Avenue and 7559 Prairie Street in Detroit. (R&R at p. 7). Petitioner fails to acknowledge these motions and he makes no argument that the motions were deficient. As such, this objection is overruled.

In his next objection, Petitioner "contends that the motions were deficient in nature and that counsel's performance was deficient by his filing of a suppression motion before motions to challenge the warrant Affidavit first." (Pet.'s Objs. at p. 4). This objection is improper and without merit. Again, Petitioner fails to point to any deficiency in the Magistrate Judge's R&R. As such, this objection is overruled. Moreover, to the extent Petitioner's objection relates to the motions to suppress evidence obtained through search warrants, Petitioner's argument is misplaced. The motions to suppress filed by Petitioner's trial attorney necessarily attack the sufficiency of the affidavits.

Next, Petitioner argues that his trial attorney "never argued that Petitioner's right to Speedy Trial had been violated." (Pet.'s Objs. at p. 5). Petitioner appears to take issue with the Magistrate Judge's statement that attorneys are not required to raise non-meritorious claims. Petitioner argues that his right to speedy trial is a constitutional right and can "never" be viewed as non-meritorious. Petitioner's argument in this regard is misplaced and conclusory. Petitioner does not explain, for example, how the speedy trial argument would have been meritorious. As such, Petitioner cannot establish that he was prejudiced by his trial attorney's alleged failure to make it. Petitioner's objection is overruled.

Petitioner next objection relates to the sufficiency of the wiretap warrant affidavit. (Pl.'s Objs. at p. 5). Petitioner states that his trial attorney should have attacked the affidavit for the

warrant for wiretaps prior to a suppression motion. Again, this argument was already rejected by the Magistrate Judge. (*See* R&R at pp. 9-10). The Court agrees with the Magistrate Judge's reasoning. This objection is overruled.

Petitioner's next objection relates to evidence regarding a tractor trailer. (Pet.'s Objs. at p. 5). Petitioner claims his trial attorney was ineffective for failing to challenge the evidence because the tractor trailer was not in Petitioner's possession. This objection is improper and is without merit. Magistrate Judge Majzoub was aware that the tractor trailer was not in Petitioner's possession, which is why she correctly noted that Petitioner failed to establish that he has standing to challenge the search and had therefore failed to demonstrate that his trial attorney erred in failing to file a suppression motion. As such, this objection is overruled.

Next, Petitioner argues that he asked for information regarding Attorney S. Allen Early. (Pet.'s Objs. at p. 6). Petitioner's objection is vague, conclusory and fails to reference the R&R in any concrete manner. The Court overrules this objection.

Petitioner's next objection similarly fails to reference any deficiency in the R&R's reasoning. As such, this objection is overruled.

In his last objection, Petitioner argues that his attorneys were ineffective for failing to challenge the Government's use of false and misleading statements before the Grand Jury and at sentencing. Petitioner's argument fails for the reasons stated in the R&R: Petitioner does not specifically identify the alleged false and misleading statements and therefore has provided no basis on which the Court may analyze this claim. (R&R at p. 13). As such, this objection is overruled.

## CONCLUSION & ORDER

For the foregoing reasons, the Court shall **ADOPT AND ACCEPT** the February 21, 2017 R&R. Accordingly, Petitioner's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. # 627), Amended Motion to Vacate (Doc. # 655), Second Amended Motion to Vacate (Doc. # 659 at 2-11), Supplemental Motion to Vacate (Doc. # 663), Motion for Evidentiary Hearing (Doc. # 649), and Motions for Discovery and Inspection (Doc. # 650, 672, and 681) are **DENIED**. Petitioner's remaining motions–Motions for Appointment of Counsel (Doc. # 658, 691) and Motions for the Liberal Construction of Pleading (Doc. # 659 at 1 and 674)–are **DENIED as moot**. (*Id*.).

**IT IS SO ORDERED.**

Dated: August 9, 2017

s/Sean F. Cox
Sean F. Cox
U. S. District Judge

I hereby certify that on August 9, 2017, the foregoing document was served on counsel of record via electronic means and upon Michael Anthony Clark via First Class mail at the address below:

Michael Anthony Clark
28321039
Federal Correctional Institution
P.O. Box 23811
Tucson, AZ 85734-8111

s/J. McCoy
Case Manager