UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.    Criminal Case No. 05-80810

Michael Anthony Clark,    Sean F. Cox
                                      United States District Court Judge

    Defendant.
_____/

**OPINION & ORDER
DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE**

In this criminal action, Defendant Michael Anthony Clark ("Defendant") was convicted of multiple drug and firearms offenses and is currently serving a 50-year sentence. The matter is before the Court on Defendant's Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A), which is based upon concerns about the ongoing novel coronavirus pandemic ("COVID-19"). This motion asks the Court to allow Defendant to serve the remainder of his sentence at home because he is concerned that he could contract the virus, and that he may be vulnerable to severe illness if he were to contract it because of his medical conditions. The Court concludes that a hearing is not warranted and orders that the motion will be decided based upon the briefs. As explained below, the Court shall DENY the motion because: 1) Defendant poses a danger to the community and thus his release would not be consistent with applicable policy statements issued by the Sentencing Commission; and 2) because the 18 U.S.C. § 3553(a) sentencing factors do not favor his release.

**BACKGROUND**

In this criminal case, Defendant proceeded to a jury trial before the Honorable Lawrence P. Zatkoff. Defendant was ultimately convicted of one count of Continuing Criminal Enterprise, in violation of 21 U.S.C. § 848; five counts of Unlawful Use of Communication Facilities to Conspire to Possess with Intent to Distribute Controlled Substances in violation of 21 U.S.C. § 843(b); and two counts of Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1). He is currently serving a 50-year sentence.

Defendant is 55 years old. It is undisputed that Defendant has kidney disease and hypertension.

Defendant filed his Motion for Compassionate Release on July 17, 2020. The Government argues that Defendant's motion should be denied for multiple reasons, including that Defendant is ineligible for compassionate release because he is a danger to the community.

**ANALYSIS**

Defendant's Motion for Compassionate Release is brought under 18 U.S.C. §3582(c)(1)(A) and asks this Court to allow him to serve the remainder of his sentence in home confinement.

Under 18 U.S.C. § 3582(c)(1)(A), the Court may reduce an imposed sentence if it determines that "extraordinary and compelling reasons warrant such a reduction." On top of making this finding, the Court must also consider the sentencing factors described in 18 U.S.C. § 3553(a) and decide if a sentence reduction would be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

U.S. Sentencing Guidelines Manual § 1B1.13 (U.S. Sentencing Comm'n 2018) is the

"applicable policy statement" with which the Court must comply when considering Defendant's request for compassionate release. 18 U.S.C. § 3582(c)(1)(A). Section 1B1.13 explains that a defendant must "not [be] a danger to the safety of any other person or to the community" under 18 U.S.C. § 3142(g) **and** must fit within at least one of four categories of "extraordinary and compelling reasons." Those categories are: "Medical Condition of the Defendant," "Age of the Defendant," "Family Circumstances," and "Other Reasons."

In sum, a defendant seeking compassionate release must present extraordinary and compelling circumstances, must have § 3553(a)'s sentencing factors weigh in his favor, must not be a threat to others as determined by § 3142(g), and must fit within one of the four categories in § 1B.13 of the Sentencing Guidelines." *United States v. Shah*, 2020 WL 1934930 at *1 (E.D. Mich. April 22, 2020) (citations omitted). *United States v. Murphy*, 2020 WL 2507619 at *3-4 (E.D. Mich. May 15, 2020).

Here, it is undisputed that Defendant has kidney disease and hypertension. The Government acknowledges that given the heightened risk that COVID poses to someone with those conditions, Defendant has satisfied the first eligibility threshold for compassionate release during this pandemic.

But the Government persuasively argues that Defendant is ineligible for compassionate release because he is a danger to the community. Section 1B1.13(2) permits release only if a "defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." The record does not support such a finding in this case, where Defendant was the leader of a large-scale drug operation and unlawfully possessed firearms.

The § 3553(a) factors, including Defendant's history and characteristics, seriousness of

the offense, promoting respect for the law, and providing just punishment also weigh against Defendant's request for compassionate release. Defendant's criminal conduct in this was very serious and his prior convictions include armed robbery and criminal sexual conduct. Allowing Defendant to be released after serving only a fraction of his sentence would not promote respect for the law or proper deterrence, provide just punishment, and avoid unwanted sentencing disparities. This Court concludes that Defendant is not an appropriate candidate for the extraordinary remedy of compassionate release.

## CONCLUSION & ORDER

For the reasons set forth above, **IT IS ORDERED** that Defendant's Motion for Compassionate Release is **DENIED.**[1]

**IT IS SO ORDERED.**

s/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: October 7, 2020

---

[1] Defendant's second motion seeking liberal construction of pleadings, and his motion seeking an extension of time to file reply brief, are also denied as moot.