UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                      Criminal Case No. 05-80810

MICHAEL ANTHONY CLARK,       Sean F. Cox
                                              United States District Court Judge

    Defendant.
_____/

**OPINION & ORDER
DENYING DEFENDANT'S ADDITIONAL
MOTION FOR COMPASSIONATE RELEASE (ECF No. 756)**

In this criminal action, Defendant Michael Anthony Clark ("Defendant") was convicted of multiple drug and firearms offenses and is currently serving a 50-year sentence. During the past few years, Defendant has requested compassionate release, based upon concerns about the ongoing novel coronavirus pandemic ("COVID-19") and additional issues. This Court has denied those motions, and denied Defendant's motions seeking reconsideration of the Court's rulings. The matter is currently before the Court on another motion seeking compassionate release under 18 U.S.C. § 3582(c)(1)(A). The Court concludes that a hearing is not warranted and orders that the motion will be decided without awaiting a response from the Government. For the reasons set forth below, the Court DENIES the motion.

**BACKGROUND**

In this criminal case, Defendant proceeded to a jury trial before the Honorable Lawrence P. Zatkoff. Defendant was ultimately convicted of one count of Continuing Criminal Enterprise, in violation of 21 U.S.C. § 848; five counts of Unlawful Use of Communication Facilities to Conspire to Possess with Intent to Distribute Controlled Substances in violation of 21 U.S.C. §

843(b); and two counts of Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1).  Defendant is currently serving a 50-year sentence.

Defendant filed his first Motion for Compassionate Release on July 17, 2020.  The Government opposed the motion on the merits.  This Court denied the motion in an Opinion and Order issued on October 7, 2020.  This Court also denied Defendant's motion seeking reconsideration of that ruling, in an Order issued on October 26, 2020.

On March 31, 2022, Defendant filed another Motion for Compassionate Release.  (ECF No. 729).  In it, Defendant continued to argue that his medical conditions (kidney disease, diabetes, and hypertension), in light of the pandemic, constitute extraordinary and compelling reasons for his release.  Defendant also made additional arguments in support of his request for compassionate release, noting his long sentence and asserting that his efforts towards rehabilitation while incarcerated support release.  The Government again opposed Defendant's Motion for Compassionate Release on the merits.  In an Opinion and Order issued on May 19, 2022, this Court denied Defendant's motion.  (ECF No. 738).  Defendant appealed this Court's ruling and the United States Court of Appeals for the Sixth Circuit affirmed this Court's rulings. (*See* ECF No. 743).

On March 22, 2024, Defendant filed yet another Motion for Compassionate Release. (ECF No. 756).

## ANALYSIS

2

"The 'compassionate release' provision of 18 U.S.C. § 3582 allows district courts to reduce the sentences of incarcerated persons in 'extraordinary and compelling' circumstances. 18 U.S.C. § 3582(c)(1)(A)." *United States v. Michael Jones*, 980 F.3d 1098, 1100 (6th Cir. Nov. 20, 2020). As summarized by the Sixth Circuit:

> Federal law authorizes a district court to reduce a defendant's sentence if the court finds that (1) "extraordinary and compelling reasons" warrant a reduction, (2) a reduction is "consistent with applicable policy statements issued by the Sentencing Commission," and (3) the § 3553(a) factors, to the extent applicable, support a reduction. *Ruffin*, 978 F.3d at 1003 (quoting § 3582(c)(1)(A)). Currently, no policy statement applies where a defendant (as opposed to the Bureau of Prisons) files a motion seeking a sentence reduction (sometimes known in our case law as "compassionate release"). *United States v. Sherwood*, 986 F.3d 951, 953 (6th Cir. 2021). A district court, therefore, must deny a defendant's motion if the defendant fails to show either that extraordinary and compelling reasons warrant a sentence reduction or that the § 3553(a) factors support a reduction. *Id*. at 954; *United States v. Hampton*, 985 F.3d 530, 531 (6th Cir. 2021).

*United States v. McKinnie,* 25 F.4th 583, 586 (6th Cir. 2022).

Here, Defendant again argues that his request for compassionate release should be granted because his medical conditions, his efforts towards rehabilitation, and other considerations, constitute extraordinary and compelling circumstances.

This Court continues to conclude that Defendant has not established "extraordinary and compelling" reasons for a sentence reduction.

Moreover, this Court also continues to conclude that a consideration of the § 3553(a) factors weighs against granting compassionate release in this particular case in any event. *United States v. Ruffin,* 978 F.3d 1000, 1008 (6th Cir. Oct. 26, 2020) ("Even when extraordinary and compelling reasons exist, the statute leaves district courts with discretion to deny relief under a balancing of the sentencing factors in 18 U.S.C. § 3553(a).").

The nature and circumstances of Defendant's offense *weigh strongly* against his release. Defendant was the leader of a large-scale drug organization, trafficking both cocaine and marijuana. Defendant also has a lengthy criminal history, with prior convictions for armed robbery and criminal sexual conduct, second degree. Defendant's long remaining sentence also weighs heavily against his release.

This Court does not believe that releasing Defendant early would promote respect for the law, provide just punishment, afford adequate deterrence, or protect the public from further crimes of Defendant. In sum, this Court continues to conclude that Defendant is not an appropriate candidate for the extraordinary remedy of compassionate release.

## CONCLUSION & ORDER

For the reasons set forth above, **IT IS ORDERED** that Defendant's Motion for Compassionate Release is **DENIED.**

**IT IS SO ORDERED.**

s/Sean F. Cox
Sean F. Cox
United States District Judge

Dated:  April 5, 2024